UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOHN R. ATCHLEY, a married man,

                    Plaintiff,

          v.

PEPPERIDGE FARM, INC., a
Connecticut corporation,

                    Defendant.
_____

MICHAEL GILROY, a married man,

                    Plaintiff,

          v.

PEPPERIDGE FARM, INC., a
Connecticut corporation,

                    Defendant.

No. CV-04-452-FVS

ORDER DENYING MOTION FOR
RECONSIDERATION

No. CV-04-453-FVS

ORDER DENYING MOTION FOR
RECONSIDERATION

**BEFORE THE COURT** are Plaintiffs' motions for reconsideration.
Plaintiffs John Atchley & Michael Gilroy are represented by John
Bury.  Defendant Pepperidge Farm, Inc. ("PFI"), is represented by
Richard Kuhling, David Broom, Greg Hesler, and Greg Johnson.

          **BACKGROUND**

     Plaintiffs each entered into consignment agreements with PFI,
granting Plaintiffs the "exclusive right to distribute [PFI]
Consigned Products to retail stores" within their respective
territories.  The consignment agreements also granted Plaintiffs the
right to use PFI's trade name, trademark and distinguishing colors on

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Plaintiffs' vehicles and equipment.

In November 2004, Plaintiffs each filed separate actions in Spokane County Superior Court against PFI for recision of contract and damages for breach of contract, misrepresentation, violation of Washington's Franchise Investment Protection Act ("FIPA"), RCW 19.100 et seq, and violation of the Washington Business Opportunity Fraud Act ("BOFA").  PFI removed both actions to federal court and the cases were set on the same briefing schedule, but have not been consolidated.  Immediately after the action was removed, Plaintiffs filed separate motions for partial summary judgment and rescission of their contracts with PFI on the basis that PFI violated of the FIPA. The Court denied Plaintiffs' motions on the basis that they had not shown they paid a "franchise fee" when they purchased their distributorships.

After additional discovery took place, Plaintiffs renewed their motions for partial summary judgment, arguing new evidence showed Plaintiffs paid numerous indirect or hidden franchise fees.  PFI cross-claimed for summary judgment on Plaintiffs' FIPA claim, seeking dismissal of Plaintiffs' remaining causes of action for violation of the BOFA, misrepresentation, and breach of contract.  The Court granted PFI's cross-motion for summary judgment dismissal of Plaintiffs' FIPA claim because Plaintiffs failed to establish that they paid a franchise fee.  The Court also granted PFI's cross-motion for summary judgment dismissal of Plaintiffs' claim under the BOFA because the Court concluded PFI was not a seller under the BOFA.
//

ORDER DENYING MOTION FOR RECONSIDERATION - 2

**DISCUSSION**

Plaintiffs now move for reconsideration of the Court's entry of summary judgment dismissing Plaintiffs' causes of action against PFI under the FIPA and the BOFA.

### A.   *Applicable Standard*

A district court may reconsider its order on summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  Plaintiff relies on Rule 59(e).  The standard for governing a reconsideration motion under Rule 59(e) is stringent.  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law. *Sissoko v. Rocha*, 440 F.3d 1145, 1153-54 (9th Cir. 2006).

### B.   *Request for Reconsideration*

Plaintiffs argue reconsideration is warranted because they have discovered "further evidence and law" since the Court's order on summary judgment.  More specifically, Plaintiffs argue they have discovered other fees paid by Plaintiffs that constitute "indirect" or "hidden" franchise fees.  To justify reconsideration, Plaintiffs must show the evidence they rely upon was discovered after the Court's order on summary judgment, that the evidence could not have be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the Court known

ORDER DENYING MOTION FOR RECONSIDERATION - 3

of it earlier, the outcome would likely have been different. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). Plaintiffs, however, fail to disclose any "newly discovered evidence" supporting their contention that they paid a franchise fee to PFI. Further, they neglect to explain why the evidence they now rely upon could not have been discovered earlier. Plaintiffs' motions for reconsideration assert the same legal theories raised in opposition to PFI's cross-motion for summary judgment and offer evidence that was clearly within their province at the time of the Court's ruling. Plaintiffs are not entitled to reconsideration based upon this evidence. *See e.g., Frederick S. Wyle, P.C. v. Texaco, Inc.*, 764 F.2d 604, 605 (9th Cir. 1985) (holding that motions for reconsideration of summary judgment rulings are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling or could have been discovered prior to the court's ruling). Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Reconsideration (**Ct. Rec. 158** in **CV-04-452-FVS; Ct. Rec. 153** in **CV-04-453-FVS**) is **DENIED.**

2. Defendant's Motion to Strike (**Ct. Rec. 164** in **CV-04-452-FVS; Ct. Rec. 159** in **CV-04-453-FVS**) is **MOOT.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>7th</u> day of September, 2006.

*s/ Fred Van Sickle*
Fred Van Sickle
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 4