UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R. ATCHLEY, a married man, and MICHAEL GILROY, a married man,<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>PEPPERIDGE FARM, INC.,<br><br>　　　　　Defendant. | No. CV-04-0452-FVS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

**THIS MATTER** comes before the Court on the Plaintiff's Motion For Reconsideration, Ct. Rec. 480. The Plaintiffs are represented by John F. Bury. The Defendants are represented by David R. Broom.

On May 14, 2008, this Court entered an order granting the Defendant's Motion to Dismiss Plaintiffs' Negligent Misrepresentation Actions, Ct. Rec. 361. (Ct. Rec. 474.) The May 14 order also granted the Defendant's Refiled Motion for Summary Judgment on Counterclaim, Ct. Rec. 354, and denied the Plaintiffs' request to strike the declarations of Clare Bogle. The Plaintiffs now move for reconsideration of the May 14 order pursuant to Federal Rule of Civil Procedure 59(e).

Rule 59(e) permits a party to move to amend a judgment within ten days of the filing of the judgment. Fed. R. Civ. P. 59(e). However, such a motion for reconsideration "offers an 'extraordinary remedy, to

ORDER DENYING MOTION FOR RECONSIDERATION- 1

be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)(quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Absent exceptional circumstances, only three types of arguments provide an appropriate basis for a motion for reconsideration: arguments based on newly discovered evidence, arguments that the court has committed clear error, and arguments based on "an intervening change in the controlling law." *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

### A.   Enforcement of the Integration Clauses

In support of its Motion to Dismiss Plaintiffs' Negligent Misrepresentation Actions, the Defendant argued that the integration clauses in certain contracts preclude the Plaintiffs from introducing evidence that the Defendant made any misrepresentations. The Plaintiff failed to answer or even acknowledge the existence of this argument in the brief they filed opposing the motion to dismiss. Such an omission constitutes a concession. The Court therefore had no choice but to rule in the Defendant's favor.

The Plaintiffs now contend that the Court committed clear error in enforcing the integration clauses. Specifically, the Plaintiffs argue that Washington law permits oral modifications to written contracts and that boilerplate provisions such as the integration

ORDER DENYING MOTION FOR RECONSIDERATION- 2

clauses at issue here are unenforceable. The Plaintiffs further argue that, as this Court ruled in its summary judgment order of March 20, 2006, PFI's stale policy is not a part of the written contract. Thus, the parole evidence rule is inapplicable.

The Plaintiffs have failed to demonstrate that the Court committed clear error in dismissing their negligent misrepresentation claims. All of the arguments the Plaintiffs now raise could have been addressed in their response to the Defendant's motion to dismiss. Consequently, none of these arguments is an appropriate basis for reconsideration. As stated in the Court's order of May 14, the Plaintiffs' summary judgment briefing failed to make any response whatsoever to the Defendant's argument concerning the integration clauses. Rule 59(e) does not provide a mechanism to correct such briefing oversights.

**B.   Plaintiff's Motion to Strike the Declarations of Clare Bogle**

In support of its motion for summary judgment on the counter claim, the Defendant submitted three declarations from Clare Bogle. The Plaintiffs moved to strike Ms. Bogle's declaration on the grounds that she had not previously been disclosed as a witness. The Defendant responded by offering to make Ms. Bogle available for a deposition and to agree to a continuance of the hearing on the motion. On these facts, the Court found that the Plaintiffs had not been prejudiced by the untimely disclosure and denied the motion to strike.

The Plaintiffs now argue that the Court committed clear error in denying the Plaintiffs' motions to strike. According to the Plaintiffs, the Defendant's failure to disclose Ms. Bogle's testimony

ORDER DENYING MOTION FOR RECONSIDERATION- 3

in a timely fashion was prejudicial because this Court's Scheduling Conference Order precluded the Plaintiffs from deposing Ms. Bogle after she was disclosed as a witness.

This argument does not provide a basis for reconsideration of the Court's May 14 order.  As the Defendant has argued, the parties fully litigated the appropriateness of Ms. Bogle's testimony in the context of the Plaintiffs' motions to strike.  The Plaintiffs had every opportunity to raise their concerns about the discovery deadline at that point in time.  Under the circumstances, it would have been appropriate for the Plaintiffs to seek to depose Ms. Bogle.  The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Plaintiff's Motion For Reconsideration, **Ct. Rec. 480**, is **DENIED.**

2. The Defendant's Motion to Strike, **Ct. Rec. 488**, is **DENIED AS MOOT.**

3. The Defendant's Motion to Expedite, **Ct. Rec. 491**, is **DENIED AS MOOT.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___8th___ day of July, 2008.

> s/ Fred Van Sickle
> Fred Van Sickle
> Senior United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION- 4