UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN R. ATCHLEY, a married
man, and MICHAEL GILROY, a
married man,

          Plaintiffs,

     v.

PEPPERIDGE FARM, INC., a
Connecticut corporation,

          Defendant.

NO.  CV-04-0452-EFS

**ORDER DENYING PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

A hearing occurred in the above-captioned matter on July 21, 2011, in Spokane, Washington.  Plaintiffs John R. Atchley and Michael Gilroy were represented by Howard R. Morrill and John Francis Bury.  Forrest A. Hainline, III appeared on Defendant Pepperidge Farms, Inc.'s ("PFI") behalf.  Before the Court was Plaintiffs' Motion for Partial Summary Judgment, ECF No. 724.  Upon remand from the Ninth Circuit, Plaintiffs ask the Court to find as a matter of law that a charge not to exceed thirty dollars, taken from the twenty percent commissions associated with a Pallet Delivery Program ("PDP"), is a fee for services and thus constitutes a "franchise fee" within Washington's Franchise Investment Protection Act (FIPA), RCW 19.100 et seq.  PFI opposes the motion. After reviewing the submitted materials and applicable authority and hearing from counsel, the Court was fully informed and denied

ORDER - 1

Plaintiffs' motion.  This Order memorializes and supplements the Court's oral rulings.

## I.    BACKGROUND[1]

PFI is a producer of baked goods, which it sells in retail food stores throughout the United States.  PFI consigns its products to independent distributors who market and deliver them to retail outlets. Both Plaintiffs purchased PFI distributorships.

Each Plaintiff signed a Consignment Agreement with PFI, granting them "the exclusive right to distribute [PFI] Consigned Products to retail stores" within their respective territories.  As part of the Consignment Agreements, Plaintiffs also signed Pallet Delivery Agreements in which each agreed to participate in a PDP, which permitted PFI to deliver directly to stores who demand that PFI products be delivered shrink-wrapped on pallets and only to their central warehouses.  Each Pallet Delivery Agreement stated:

---

[1]  When considering this motion and creating this factual section, the Court did not weigh the evidence or assess credibility; instead, the Court believed the undisputed facts and the opposing party's evidence and drew all justifiable inferences therefrom in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, the Court did not accept as true assertions made by the opposing party if they were flatly contradicted by the record.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).  The parties filed Local Rule (LR) 56.1 statements of fact.  ECF Nos. 728, 732, & 743.  Disputed facts are supported by a citation to the record; undisputed facts are not.

ORDER - 2

> I understand that from time to time Pepperidge Farm may be requested to deliver Consigned Products to customers in palletized form through their warehouses and/or cross-docking facilities. I hereby request that Pepperidge Farm effect such cross-dock warehouse delivery to these customers for my account pursuant to the Pallet Delivery Program in effect at Pepperidge Farm from time to time. I agree to participate in that Pallet Delivery Program and to comply with its terms. I understand and agree that, under such Pallet Delivery program Pepperidge Farm (i) may, at its option, deliver Consigned Products to a customer's warehouse and/or cross-docking facility for delivery to retail stores in my territory and (ii) shall pay me an amount equal to the commissions for Consigned Products so delivered to retail stores in my territory computed at the rate specified in Schedule B of my Consignment Agreement, less an amount to cover a portion of the costs and the delivery of products thereunder. Until further notice, the amount of that deduction shall not exceed $30 per pallet.

ECF No. 725-1.

Plaintiffs received a twenty percent commission on products delivered through the PDP, from which there was a reduction that the parties agree represents a portion of the costs incurred by PFI to shrink wrap, palletize, ship, and deliver the products. That deduction fluctuated between $15 and $35 per pallet. Although Plaintiffs did not receive the full 20% commission for deliveries contemplated by the Consignment Agreement itself, without the PDP, Plaintiffs would not have been entitled to any commission on those products.

The parties disagree as to whether Plaintiffs were required to participate in the PDP. Plaintiffs claim participation in the PDP was mandatory, and they had no option to obtain the pallet services elsewhere. ECF Nos. 725 at ¶ 15 & 726 at ¶ 18. PFI disagrees, arguing that it offered Plaintiffs the opportunity to enter into a Consignment Agreement (of which the Pallet Delivery Agreement was a part) and each Plaintiff willingly and voluntarily accepted PFI's offer to participate

ORDER – 3

in the PDP.[2]

In November 2004, Plaintiffs each filed separate actions in Spokane County Superior Court against PFI for recision of contract, damages for breach of contract, misrepresentation, and violation of FIPA.    PFI removed both actions to this Court, ECF No. 1, and the two matters were consolidated, ECF No. 296.

Defendant moved for summary judgment, arguing that FIPA did not apply because Plaintiffs had not paid a "franchise fee" as defined by RCW 19.100.010(12).    Plaintiffs identified five categories of "hidden" or "indirect" franchise fees: the 1) required purchase of PFI stale products; 2) mandatory participation in the PDP; 3) hand held maintenance program fees; 4) extra consideration paid by John Atchley; and 5) service charges.  ECF No. 157.  On March 20, 2006, U.S. District Court Judge for the Eastern District of Washington Fred Van Sickle

_____

[2]  Plaintiffs assert that the Pallet Delivery Agreement was one of the "route package documents" compiled by PFI and presented to Plaintiffs for signature that "needs to go into the route package" before PFI could approve Plaintiffs as distributors.  ECF No. 742 at 3-4.  PFI supports its assertion that Plaintiffs' participation in the PDP was voluntary and not mandatory with affidavits of individuals who stated they reviewed the terms of the Consignment Agreement with Plaintiffs, ECF No. 733-2 at 81-82, and executed the Consignment Agreement on PFI's behalf, ECF No. 733-3 at ¶ 6.  However, neither Plaintiffs' nor PFI's citations to the record support those assertions.  *See* Fed. R. Civ. P. 56(c)(1).

ORDER - 4

dismissed Plaintiffs' FIPA claims, concluding that none of these payments received by PFI constituted a franchise fee.

In the March 20, 2006 summary-judgment Order, Judge Van Sickle concluded that:

> Plaintiffs submitted no evidence showing the $30 service fee was commercially unreasonable or that it exceeded the actual cost of shrink-wrapping or delivery. Therefore, the Court determines the mandatory participation in the Pallet Delivery Program and payment of the $30 does not constitute a franchise fee because Plaintiffs receive something of equal value in exchange for this payment.

ECF No. 157, at 11. The Order did not address the other two franchise requirements: whether PFI granted Plaintiffs the right to distribute goods under a marketing plan or whether the operation of Plaintiffs' routes was substantially associated with PFI's trademark.

On appeal, Plaintiffs' briefing focused on whether PFI required Plaintiffs to purchase a set quantity of PFI products (some of which went stale prior to sale), and did not argue that the PDP's deduction from commissions, by itself, is a franchisee fee. In their opening appeal brief, Plaintiffs mentioned the PDP's deduction from commissions only once and indirectly: "[PFI] could require its distributors to repurchase stale products, without any control over the amount delivered to these retail customers, for which it charged $30 per pallet." ECF No. 733 at 229. In response, PFI noted Plaintiffs' cursory discussion of that deduction argument: "With little discussion, [Plaintiffs] also appear to argue that [PFI's] pallet program charge constitutes a franchise fee." *Id*. at 286. Plaintiffs replied:

> [PFI] argues that the $30 per pallet delivery fee is not a hidden franchise fee because it covers [PFI's] 'out-of-pocket costs.' This mischaracterizes [Plaintiffs'] argument. The

ORDER – 5

hidden fee resulted not from the $30 charge itself, but from the fact that distributors were assessed charges on the sale items left on the pallet over which they had no control.

*Id*. at 175-76.  Plaintiffs concluded by urging that, at the very least, they had raised a genuine issue of material fact for trial.  *Id*. at 179.

Based on that briefing, the Ninth Circuit reversed and remanded, finding that an issue of material fact existed with respect to whether Plaintiffs had paid a franchise fee:

> The district court erred in granting summary judgment to [PFI] on [Plaintiffs'] [FIPA] claim by finding that they had not paid a franchise fee.  Payments for "the mandatory purchase of goods or services" are fees under FIPA.  [Plaintiffs] argue that [PFI] effectively required them to purchase goods by mandating inventory levels and controlling pallet shipments and then requiring [Plaintiffs] to pay for some product that went stale prior to sale.  The district court found that 'Plaintiffs were never required to purchase a set quantity of [PFI] product.'  However, [Plaintiffs] submitted evidence to support their claim to the contrary.  There is therefore a genuine dispute of material fact precluding summary judgment.

ECF No. 709 at 2 (internal citation omitted).  On remand, this matter comes before the Court from the Ninth Circuit after Judge Van Sickle recused himself.  ECF No. 720.

## II.  DISCUSSION

Plaintiffs move for summary judgment, asking the Court to declare as a matter of law under Federal Rule of Civil Procedure 56(d)(2) that the PDP's deduction from commissions is a franchise fee.[3]  In response, PFI contends 1) Plaintiffs cannot raise this argument because it was

---

[3]  Plaintiffs claim that if the Court finds the PDI distributorships are franchises, the Court should find in their favor on the issue of liability because PFI's failure to comply with FIPA's pre-sale requirements of registration and disclosure are undisputed.

ORDER - 6

abandoned on appeal and is precluded by the law of the case doctrine, and 2) the district court correctly concluded that the PDP's deduction from commissions is not a "franchise fee."

**A.    Standard**

Summary judgment is appropriate if the record establishes "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party opposing summary judgment must point to specific facts establishing a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).  If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Celotex Corp.*, 477 U.S. at 322.  "An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages." Fed. R. Civ. P. 56(d)(2).

Guided by this summary judgment standard, the Court turns to the question on remand.  First, however, the Court addresses PFI's arguments that Plaintiffs abandoned their deduction from commissions argument on appeal and that the issue is precluded by the law of the case doctrine.

**B.    The Law of the Case Doctrine and the Rule of Mandate**

PFI contends that the Ninth Circuit remanded the case for the limited purpose of resolving the issue of fact raised on appeal: whether PFI required Plaintiffs to purchase a set quantity of PFI products, some of which went stale prior to sale.  As such, whether the PDP's deduction from commissions is, by itself, a franchise fee was not within the

remand mandate and is therefore settled by the law of the case. Plaintiffs counter that the scope of the mandate was to determine whether a franchise fee was present generally, and thus, the mandate does not foreclose this Court's review of the deduction from commissions issue.

"Under the law of the case doctrine, 'a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.'" *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005) (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)). "For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication.'" *Lummi*, 235 F.3d at 452 (quoting *Liberty Mut. Ins. Co v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982)); *see also United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) ("[T]he law of the case acts as a bar only when the issue in question was actually considered and decided by the first court"). Application of the doctrine is discretionary. *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987).

Somewhat broader than the law of the case doctrine is the rule of mandate, which "allows a lower court to decide anything not foreclosed by the mandate." *Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904-05 (9th Cir. 1993) (citing *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1404 (9th Cir. 1993)). "An order issued after remand may deviate from the mandate . . . if it is not counter to the spirit of the circuit court's decision. . . . The district court should not be reversed for failing to follow a mandate if its decision is within the scope of the

ORDER - 8

remand." *Lindy Pen Co.*, 982 F.2d at 1404 (internal citation omitted).

Here, the rule of mandate does not foreclose the Court's review of the deduction from commissions issue, and it is within the Court's discretion to revisit that issue under the law of the case doctrine. The district court's March 20, 2006 summary judgment order concluded that "the mandatory participation in the [PDP] and payment of the $30 does not constitute a franchise fee." ECF No. 157 at 11. Plaintiff did not cite this ruling as an issue on appeal. *See* ECF No. 733 at 175-76. Unsurprisingly, the Ninth Circuit's mandate focuses on the issue that was briefed on appeal - whether Plaintiffs were required to purchase a set quantity of PFI products:

> The district court erred in granting summary judgment to [PFI] on [Plaintiffs'] [FIPA] claim by finding that they had not paid a franchise fee. Payments for "the mandatory purchase of goods or services" are fees under FIPA. [Plaintiffs] argue that [PFI] effectively required them to purchase goods by mandating inventory levels and controlling pallet shipments and then requiring [Plaintiffs] to pay for some product that went stale prior to sale. The district court found that 'Plaintiffs were never required to purchase a set quantity of [PFI] product.' However, [Plaintiffs] submitted evidence to support their claim to the contrary. *There is therefore a genuine dispute of material fact precluding summary judgment.*

ECF No. 709 at 2 (internal citation omitted) (emphasis added). The Ninth Circuit found that an issue of material fact existed as to whether Plaintiffs had paid a franchise fee generally, and remanded for determination of that issue.

While the Court will not deviate from the Ninth Circuit's mandate, it may address the issue of whether the PDP's deduction from commissions is by itself a franchise fee because it is not contrary to the mandate's word or spirit. The district court's determination that the PDP's deduction from commissions is not a "franchise fee" is controlling, and

the Court will not disturb it unless it is clearly erroneous, there has been an intervening change in the law or substantially different evidence has arisen, other changed circumstances exist, or if following it would result in a manifest injustice. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).  With these principles in mind, the Court considers the merits of Plaintiffs' motion for summary judgment.

### C.    Issues of Material Fact Exists as to Whether the PDP's Deduction from Commissions is a Franchise Fee

Plaintiffs ask the Court to declare as a matter of law that the deduction from commissions represents a franchise fee.  FIPA defines a "franchise" as an agreement containing three elements: 1) a grant of "the right to engage in the business of offering, selling, or distributing goods or services under a marketing plan prescribed or suggested in substantial part by the grantor or its affiliate"; 2) substantial association of the business with the grantor's names and/or marks; and 3) the payment or agreement by the grantee to pay a franchise fee, either directly or indirectly.  RCW 19.100.010(4)(a).

A "franchise fee" is defined as:

> any fee or charge that a franchisee or subfranchisor is required to pay or agrees to pay for the right to enter into a business or to continue as a business under a franchise agreement, including, but not limited to, the payment either in lump sum or by installments of an initial capital investment fee, any fee or charges based upon a percentage of gross or net sales whether or not referred to as royalty fees, *any payment for the mandatory purchase of goods or services or any payment for goods or services available only from the franchisor*, or any training fees or training school fees or charges; . . . .

RCW 19.100.010(12) (emphasis added).  A franchise fee "includes fees hidden in the franchisor's charges for goods and services." *Corp v.*

ORDER – 10

*Atlantic-Richfield Co.*, 45 Wn. App. 563, 567 (1986) (internal quotation omitted).

RCW 19.100.010 excepts the following from the definition of "franchise fee":

> (a) the purchase or agreement to purchase goods at a bona fide wholesale price; (b) the purchase or agreement to purchase goods by consignment; if, and only if the proceeds remitted by the franchisee from any such sale shall reflect only the bona fide wholesale price of such goods; (c) a bona fide loan to the franchisee from the franchisor; (d) the purchase or agreement to purchase goods at a bona fide retail price subject to a bona fide commission or compensation plan that in substance reflects only a bona fide wholesale transaction (e) the purchase or lease or agreement to purchase or lease supplies or fixtures necessary to enter into the business or to continue the business under the franchise agreement at their fair market or rental value; (f) the purchase or lease or agreement to purchase or lease real property necessary to enter into the business or to continue the business under the franchise agreement at the fair market or rental value; (g) amounts paid for trading stamps to be used as incentives only and not to be used in, with, or for the sale of any goods.

RCW 19.100.010(12).

Plaintiffs do not argue that they paid a direct franchise fee to PFI. Rather, they argue that the roughly-thirty-dollar deduction from commissions related to palletizing, shrink-wrapping, and delivering the product to customers' warehouses is a charge for the mandatory purchase of services available only from PFI and that none of the statutory exceptions apply.

Because the PDP is a fee-for-services agreement, it does not fall under the fair-market-value exception. Indeed, the fair-market-value exception to the "franchise fee" applies only to supplies, fixtures, and real property. RCW 19.100.010(12)(e) & (f); *see also Am. Oil Co. v. Columbia Oil Co., Inc.*, 88 Wn.2d 835, 841 (1977). The Washington Supreme Court has not recognized a fair-market-value exception for the

ORDER - 11

mandatory purchase of services and the FIPA contains none.

PFI cites to a law review article[4] and two unpublished federal decisions[5] to argue that the deduction from commissions is not a franchise fee because it 1) is an ordinary business expense for services rendered, and 2) lacks an unrecoverable capital investment.  Yet PFI identifies no binding precedent upon which this Court may find that "an ordinary business expense" for services is exempted from the FIPA's definition of "franchise fee."  True, the district court in Bryant recognized that a payment of more than $6,000 for the actual cost of training employees was not a franchise fee but rather "an ordinary business expense for services rendered." *Bryant Corp.*, No. C93-1365R, 1994 WL 745159 at *2 (citing *Wright-Moore Corp. v. Ricoh Corp.*, 980 F.2d 432, 436 (7th Cir. 1992) (finding that costs incurred in training some dealers was not a franchise fee but rather "just an expense of doing business")).  But that case is unpublished, over seventeen years old, and relies on precedent from another Circuit that does not bind this Court.  Nor does PFI's citation to *Morrison* support its "unrecoverable capital investment" argument.  *Morrison* recognized that a hidden

---

[4] Douglas C. Berry, David M. Byers, and Daniel J. Oates, *State Regulation of Franchising: The Washington Experience Revisited*, 32 Seattle U. L. Rev. 811, 842 (2009) (recognizing a recent trend in Washington to "evaluate the nature and purpose" of the franchise fee).

[5] *Jon K. Morrison, Inc. v. Avis Rent-a-Car Sys., Inc.*, No. C02-2383P, 2003 WL 23119903 (W.D. Wash. Nov. 2003), and *Bryant Corp. v. Outboard Marine Corp.*, No. C93-1365R, 1994 WL 745159 (W.D. Wash. Sept. 29, 1994).

ORDER - 12

franchise fee is present "when a franchisor requires a franchisee to purchase services . . . at an above market price." *Jon K. Morrison, Inc.*, No. C02-2383P, 2003 WL 23119903 at *6. But that case also fails to compel the Court's decision: it is almost eight years old and fails to cite any authority to support that assertion. *Id.* And while at least one Washington court has considered an "unrecoverable investment" as one factor in determining whether a franchise fee is present and might be sufficient to demonstrate a franchise fee exists, an unrecoverable capital investment is not a necessary component in a franchise fee. *See Corporate Res., Inc. v. Eagle Hardware & Garden, Inc., et. al*, 115 Wn. App. 343, 349 (2003).[6]

Without binding or persuasive authority on this point, the Court concludes that the district court's finding that the deduction from commissions did not constitute a franchise fee is clearly erroneous and would result in a manifest injustice if it formed the basis for dismissal of Plaintiffs' FIPA claims. *See Alexander*, 106 F.3d at 876. Accordingly, the Court will revisit this issue on remand. Consistent with the Ninth Circuit's mandate, the Court cannot find as a matter of law on the record before it that the deduction from commissions is a

---

[6]  The Court notes that the *Bryant* and *Corporate Resources* courts also concluded that no franchise fee was present for the independent reason that the putative franchisee failed to show that the putative fee was mandatory or required. *Corporate Res., Inc.*, 115 Wn. App. at 349; *Bryant Corp.*, No. C93-1365R, 1994 WL 745159 at *2 ("Bryant has not submitted any evidence showing that it was required to pay a training fee for the right to continue doing business with OMC.").

ORDER - 13

franchise fee because a genuine issue of material fact exists as to whether any suspected fee, including the PDP's deduction from commissions, constitutes a "mandatory purchase of goods or services" under FIPA.

For the reasons given above, **IT IS ORDERED:**

1.   Plaintiffs' Motion for Partial Summary Judgment, **ECF No. 724**, is **DENIED.**

2.   No later than **March 23, 2012**, each party shall file a brief, not to exceed seven (7) pages, as to whether this case should proceed to a jury or bench trial.

**IT IS SO ORDERED**.   The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this _____8th_____ day of March 2012.


                              S/ Edward F. Shea
        _____
                              EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2004\452.MSJ.wpd

ORDER – 14