UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN R. ATCHLEY, a married
man, and MICHAEL GILROY, a
married man,

              Plaintiffs,

        v.

PEPPERIDGE FARM, INC., a
Connecticut corporation,

              Defendant.

NO.  CV-04-0452-EFS

**ORDER DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT**

## I.    Introduction

A hearing occurred in this matter on July 18, 2012, in Spokane, Washington.  Before the Court was Defendant Pepperidge Farm, Inc.'s (PFI) Motion for Summary Judgment, ECF No. 793.  After reviewing the parties' submissions, hearing the arguments of counsel, and reviewing applicable authority and the record in this matter, the Court was fully informed and denied PFI's motion.  This Order serves to memorialize and supplement the Court's oral rulings.

///
///
///
//
/

ORDER - 1

## II.  Background[1]

PFI is a producer of baked goods, which it sells in retail food stores throughout the United States.  PFI consigns its products to independent distributors who market and deliver them to retail outlets. The Plaintiffs in this matter, John R. Atchley and Michael Gilroy, each purchased PFI distributorships.

Each Plaintiff signed a Consignment Agreement with PFI, granting them "the exclusive right to distribute [PFI] Consigned Products to retail stores" within their respective territories.  Hainline Decl., ECF No. 797-1 at 14.  As part of the Consignment Agreements, Plaintiffs also signed Pallet Delivery Agreements in which each agreed to participate in a Pallet Delivery Program (PDP), which permitted PFI to deliver its products directly to stores within the distributors' territories if a customer preferred that PFI products be delivered only to their central warehouses and shrink-wrapped on pallets.  Each Pallet Delivery Agreement stated:

---

[1]  When considering this motion and creating this Background section, the Court does not weigh the evidence or assess credibility. Instead, the Court takes as true all undisputed facts, and views all evidence and draws all justifiable inferences therefrom in favor of the party opposing the motion.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).  However, the Court does not accept as true assertions made by the opposing party that are flatly contradicted by the record.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).  Disputed facts and quotations are set forth with citation to the record, while undisputed facts are not.

ORDER - 2

I understand that from time to time Pepperidge Farm may be requested to deliver Consigned Products to customers in palletized form through their warehouses and/or cross-docking facilities. I hereby request that Pepperidge Farm effect such cross-dock warehouse delivery to these customers for my account pursuant to the Pallet Delivery Program in effect at Pepperidge Farm from time to time. I agree to participate in that Pallet Delivery Program and to comply with its terms. I understand and agree that, under such Pallet Delivery program Pepperidge Farm (i) may, at its option, deliver Consigned Products to a customer's warehouse and/or cross-docking facility for delivery to retail stores in my territory and (ii) shall pay me an amount equal to the commissions for Consigned Products so delivered to retail stores in my territory computed at the rate specified in Schedule B of my Consignment Agreement, less an amount to cover a portion of the costs and the delivery of products thereunder. Until further notice, the amount of that deduction shall not exceed $30 per pallet.

ECF No. 725-1.

Plaintiffs received a twenty percent commission on products delivered through the PDP, from which there was a reduction that the parties agree represents a portion of the costs incurred by PFI to shrink wrap, palletize, ship, and deliver the products. That deduction fluctuated between $15 and $35 per pallet. Although Plaintiffs did not receive the full 20% commission for PDP deliveries contemplated by the Consignment Agreement itself, without participation in the PDP, Plaintiffs would not have been entitled to any commission on those products.

The parties disagree as to whether Plaintiffs were required to participate in the PDP. Plaintiffs claim participation in the PDP was mandatory, and they had no option to obtain the pallet services elsewhere. *See* ECF Nos. 725 ¶ 15 & 726 ¶ 18. PFI disagrees, arguing that it merely offered Plaintiffs the opportunity to enter into a Consignment Agreement (of which the Pallet Delivery Agreement was a

ORDER - 3

part), and each Plaintiff willingly and voluntarily accepted PFI's offer to participate in the PDP.

In November 2004, Plaintiffs each filed separate actions in Spokane County Superior Court against PFI for recision of contract, damages for breach of contract, misrepresentation, and violation of Washington's Franchise Investment Protection Act, RCW 19.100 *et seq.* (FIPA). PFI removed both actions to this Court, ECF No. 1, and the two matters were eventually consolidated. ECF No. 296.

PFI moved for summary judgment, arguing that FIPA did not apply because Plaintiffs had not paid a "franchise fee" as defined by RCW 19.100.010(12). Plaintiffs identified five categories of "hidden" or "indirect" fees that they argued constituted franchise fees: the 1) required purchase of PFI stale products; 2) mandatory participation in the PDP; 3) hand held maintenance program fees; 4) extra consideration paid by John Atchley; and 5) service charges. ECF No. 157. On March 20, 2006, United States District Judge Fred Van Sickle dismissed Plaintiffs' FIPA claims, concluding that none of these payments received by PFI constituted a franchise fee. Judge Van Sickle concluded:

> Plaintiffs submitted no evidence showing the $30 service fee was commercially unreasonable or that it exceeded the actual cost of shrink-wrapping or delivery. Therefore, the Court determines the mandatory participation in the Pallet Delivery Program and payment of the $30 does not constitute a franchise fee because Plaintiffs receive something of equal value in exchange for this payment.

ECF No. 157 at 11. Judge Van Sickle's Order did not address the other two franchise requirements, which are discussed in further detail below: whether PFI granted Plaintiffs the right to distribute goods under a "marketing plan," and whether the operation of Plaintiffs' business was

ORDER - 4

"substantially associated" with PFI's trademark.  Plaintiffs appealed.

The Ninth Circuit reversed Judge Van Sickle's dismissal of Plaintiff's FIPA claims and remanded, finding that an issue of material fact existed regarding whether Plaintiffs had paid a franchise fee:

> The district court erred in granting summary judgment to [PFI] on [Plaintiffs'] [FIPA] claim by finding that they had not paid a franchise fee. Payments for "the mandatory purchase of goods or services" are fees under FIPA. [Plaintiffs] argue that [PFI] effectively required them to purchase goods by mandating inventory levels and controlling pallet shipments and then requiring [Plaintiffs] to pay for some product that went stale prior to sale.  The district court found that 'Plaintiffs were never required to purchase a set quantity of [PFI] product.'  However, [Plaintiffs] submitted evidence to support their claim to the contrary.  There is therefore a genuine dispute of material fact precluding summary judgment.

ECF No. 709 at 2 (internal citation omitted).  On remand, the case was transferred to this Court after Judge Van Sickle recused himself.  ECF No. 720.

On March 8, 2012, the Court denied Plaintiffs' motion for partial summary judgment on the issue of whether the PDP's deduction from commissions was a franchise fee.  The Court first rejected PFI's argument that the so-called "rule of mandate" prohibited it from revisiting the franchise fee issue on summary judgment, finding that it "may address the issue of whether the PDP's deduction from commissions is by itself a franchise fee because it is not contrary to the mandate's word or spirit."  ECF No. 782 at 9.  The Court also rejected PFI's argument that the law of the case required adherence to Judge Van Sickle's determination that the PDP deduction from commissions was not a franchise fee, finding that Judge Van Sickle's ruling was "clearly erroneous and would result in a manifest injustice if it formed the basis for dismissal of Plaintiffs' FIPA claims," and that "the Court

ORDER - 5

will revisit this issue on remand." *Id*. at 13. However, after 'clearing the air' through those two findings, the Court found that "a genuine issue of material fact exists as to whether any suspected fee, including the PDP's deduction from commissions, constitutes a 'mandatory purchase of goods or services' under FIPA." *Id*. at 14.

PFI now moves for summary judgment dismissal, arguing that Plaintiffs can not meet their burden of showing that a franchise agreement existed between PFI and themselves.

## III. Discussion

### A.    Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original).

When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.  This does not mean that the Court accepts as true assertions made by the non-moving party that are flatly contradicted by the record.  *See Scott,* 550 U.S. at 380.

**B.    Analysis**

By definition, FIPA's requirements and remedies are only implicated when a "franchise" exists.  FIPA defines a franchise as:

> [a]n agreement, express or implied, oral or written, by which:
>
> (i) A person is granted the right to engage in the business of offering, selling, or distributing goods or services under a marketing plan prescribed or suggested in substantial part by the grantor or its affiliate ["marketing plan element"];
>
> (ii) The operation of the business is substantially associated with a trademark, service mark, trade name, advertising, or other commercial symbol designating, owned by, or licensed by the grantor or its affiliate ["substantial association element"]; and
>
> (iii) The person pays, agrees to pay, or is required to pay, directly or indirectly, a franchise fee ["franchise fee element"].

RCW 19.100.010(4)(a).  FPI argues that Plaintiffs will not be able to meet their burden of satisfying each of these three elements.  For convenience, the Court addresses these elements in the order in which the parties have briefed them.

**i.    Franchise Fee Element**

PFI argues that neither 1) the PDP's deduction from commissions, nor 2) the stale product charges constituted franchise fees under FIPA. PFI argues that the deductions from commissions were not "mandatory," and if they were, that one of the Act's listed exceptions applies; and

ORDER - 7

if an exception does not apply, then the deductions were simply "ordinary business expenses" and not an "unrecoverable capital investment." With regard to the stale product charges, PFI argues that the charges were not a "fee" but instead a "benefit" because PFI was not obligated to accept any stale goods under the Consignment Agreement.

Plaintiffs argue that PFI's motion is foreclosed by the law of the case, because the Ninth Circuit already held there to be genuine issues of material fact regarding the franchise fee element.

Whether the franchise fee issue has previously been decided requires a careful analysis of the prior rulings in this case with regard to each of the five types of charges Plaintiffs initially alleged were franchise fees. The first, the PDP deductions from commissions, was decided by Judge Van Sickle, not raised on appeal, and then raised again in Plaintiffs' motion for summary judgment; the Court found that Judge Van Sickle's ruling was clearly erroneous and thus not binding under the law of the case doctrine, essentially "vacating" Judge Van Sickle's ruling. However, when the Court denied Plaintiffs' motion for summary judgment, it also found that there were genuine issues of material fact surrounding whether the deductions from commissions were franchise fees. Though the Court applies a different burden in the instant *defense* motion, the Court's previous finding that genuine issues of material fact exist precludes summary judgment at this stage, because PFI has identified no new evidence eliminating these issues of fact.[2]

---

[2] It is important to note that the Court held Judge Van Sickle's decision to be "clearly erroneous" in the context of determining whether the law of the case doctrine applied, and not in an outright sense.

ORDER - 8

The second type of indirect franchise fee Plaintiffs asserted is the stale goods charge. This issue was not raised in the most-recent summary judgment motion, and the Ninth Circuit's ruling that genuine issues of material fact exist with regard to it is binding on the Court because no new evidence has been presented.

Finally, the three other types of charges Plaintiffs initially alleged to be franchise fees were determined to not be franchise fees by Judge Van Sickle and have not been raised or ruled upon since. These arguments are abandoned.

Based on the foregoing, the Court finds that it is bound by the prior rulings in this case to hold that genuine issues of material fact exist regarding whether Plaintiffs paid a franchise fee, and accordingly denies PFI's motion in this regard. However, because Plaintiffs must ultimately demonstrate that all three elements of a "franchise" are met, the Court also analyzes whether summary judgment is appropriate on the marketing plan and substantial association elements; summary judgment on either of these elements would be fatal to Plaintiffs' claim.

### ii. Substantial Association Element

PFI next argues that Plaintiffs will not be able to demonstrate that "[t]he operation of [their] business [was] substantially associated with a trademark, service mark, trade name, advertising, or other commercial symbol designating, owned by, or licensed by [PFI]." RCW 19.100.010(4)(a)(ii). PFI argues that because Paragraph 12 of the

Thus, the Court did not find that the deductions from commissions *were* a franchise fee, simply that it was clear error for Judge Van Sickle to have found that they *were*.

ORDER - 9

Consignment Agreement merely permitted Plaintiffs to put PFI's logos on its trucks, and actually forbid them from using PFI's trade name in a "way which will tend to confuse the separate identities of [PFI] and [Plaintiffs]," Plaintiffs' business was not substantially associated with PFI's trademark.  Hainline Decl., ECF No. 797-1 at 16.

Plaintiffs respond that this issue has been "raised at every stage of the proceeding," and direct the Court's attention to Judge Berzon's statement during oral argument that this argument "seems a bit silly." ECF No. 800 at 3-4.  However, this issue has never been the subject of a ruling by either Judge Van Sickle, the Ninth Circuit, or this Court, and nothing about the prior rulings in this case indicates that the substantial association element was necessarily considered in any of the prior rulings in this case.

After carefully reviewing the record in this matter, the Court finds that the Consignment Agreement itself is sufficient to raise genuine issues of material fact regarding whether Plaintiffs' businesses were substantially associated with PFI's trademark.  Summary judgment dismissal would be inappropriate in light of this material factual issue, and the Court denies PFI's motion in this regard.

### iii. Marketing Plan Element

Finally, PFI argues that Plaintiffs will not be able to satisfy the "marketing plan element," which requires them to show that they were "granted the right to engage in the business of offering, selling, or distributing goods or services under a marketing plan prescribed or suggested in substantial part by the grantor or its affiliate."  RCW 19.100.010(4)(a)(i).  PFI points out that while there is scant

ORDER - 10

Washington case law defining when a marketing plan exists, courts in other jurisdictions with similar franchisee-protection acts look to the degree of "control" the franchisor exercises over the franchisee's operation. PFI argues that the Consignment Agreement between it and Plaintiffs was merely "aspirational" and "affords the broadest discretion to distributors." ECF No. 795 at 23. Plaintiffs respond that Paragraph 4 of the Consignment Agreement, standing alone, is sufficient to demonstrate that a marketing plan existed.

After reviewing Paragraph 4 of the Consignment Agreement, the Court finds that it creates genuine issues of material fact with regard to the marketing plan element. Paragraph 4 of the Consignment Agreement, titled "Distribution Efforts," required Plaintiffs, among other things, to "actively solicit all retail stores in the Territory," provide distribution services to those stores "as is necessary to realize the full sales potential thereof," and "cooperate with [PFI] in the effective utilization of [PFI's] advertising, sales promotion and space merchandising programs." Hainline Decl., ECF No. 797-1 at 15. On its face, this language creates issues of fact with regard to the marketing plan element. Accordingly, the Court denies PFI's motion in this regard in this regard as well.

## IV. Conclusion

For the reasons discussed above and stated on the record, the Court denies PFI's motion because genuine issues of material fact exist with regard to each of the three FIPA franchise elements. This matter will proceed to trial.

/

ORDER - 11

For the reasons given above and on the record, **IT IS ORDERED**: PFI's Motion for Summary Judgment, **ECF No. 793**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this __24th__ day of July 2012.


_____s/Edward F. Shea_____
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2004\452.MSJ.2.1c2.wpd

ORDER - 12